NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LOPEZ, MARIA RICHARD, and VANESSA RUEDA, individually and on behalf of similarly situated persons, SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, INC., d/b/a HOUSING RIGHTS CENTER, a California nonprofit corporation,<br><br>  Plaintiffs,<br><br>vs.<br><br>ISLAY INVESTMENTS, a California limited partnership, and ANTONIO R. ROMASANTA,<br><br>  Defendants. | CASE NO.  CV 15-2375-R<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE AND DISMISS PORTIONS OF PLAINTIFFS' CLASS ACTION COMPLAINT |

Before the Court is Defendants' Motion to Strike and Dismiss Portions of Plaintiffs' Class Action Complaint, which was filed on May 14, 2015.  Having been thoroughly briefed by both parties, this Court took the matter under submission on July 1, 2015.

Plaintiffs Jose Lopez, Maria Richard, Vanessa Rueda, and the Southern California Housing Resource Center allege the following six causes of action: (1) discrimination under Title 42 U.S.C. Sections 3601 *et seq*., the Fair Housing Act; (2) unlawful housing actions under California

1  Government Code Sections 12926 *et seq.*, the Fair Employment and Housing Act; (3) unlawful
2  discrimination by a business establishment under California Civil Code Section 51 *et seq.*, the
3  Unruh Civil Rights Act; (4) infringement of their privacy and right to quiet enjoyment under Civil
4  Code Sections 1927 and 1940.2; (5) unlawful conduct in the operation of a business under
5  California Business and Professions Code Section 17200 *et seq.*; and (6) negligence under
6  California Civil Code Section 1714.

7  Under their first cause of action seeking injunctive and declaratory relief under the FHA,
8  Plaintiffs allege that Defendants enacted an occupancy policy that restricted their right to fair
9  housing on the basis of familial status and racial bias. The occupancy restriction allegedly barred
10 individuals from taking up residence in a one-bedroom dwelling at Defendants' Islay apartment
11 complex if they intended to live in the unit with more than three individuals, including a child age
12 18 months or older. Plaintiffs allege that the occupancy restriction threatened them with eviction
13 and forced them from their homes.

14 Defendants move to strike Plaintiffs' request for injunctive and declaratory relief under the
15 FHA. The FHA provides for the full extension of standing provided under Article III of the
16 Constitution. *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91 (1979). The FHA cannot
17 provide standing where none previously existed. Article III standing requires that a plaintiff
18 demonstrate an ongoing or immediate threat of injury. *Dearth v. Holder*, 641 F.3d 449 (D.C. Cir.
19 2011). Past injuries do not satisfy the requirements of standing for forward-looking relief if they
20 are not ongoing or present an immediate threat of repetition. *In re Navy Chaplaincy*, 697 F.3d
21 1171 (D.C. Cir. 2012).

22 Plaintiffs lack standing. On October 14, 2014, Defendants signed an agreement with the
23 California Department of Employment and Housing that altered their occupancy policy to permit
24 up to three individuals to inhabit a one-bedroom dwelling. Plaintiffs' complaint therefore alleges a
25 claim for injuries caused by an occupancy policy that no longer exists. Plaintiffs fail to present any
26 factual allegations that rectify their claim. Without presenting facts that causally connect
27 Plaintiffs' injuries to Defendants' occupancy policy, this Court may not provide redress. *See Lujan*
28 *v. Defenders of Wildlife*, 504 U.S. 555 (1992). Plaintiffs do not meet the Article III requirements

1  for standing and this Court GRANTS Defendants' motion to strike Plaintiffs' claims for injunctive
2  and declaratory relief.
3       Defendants also move to dismiss Plaintiffs' remaining class allegations and request for
4  monetary damages. Title 28 U.S.C. Section 1367(c) provides that district courts may decline to
5  exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of
6  State law, (2) the claim substantially predominates over the claim or claims over which the district
7  court has original jurisdiction, (3) the district court has dismissed all claims over which it has
8  original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for
9  declining jurisdiction.
10      Only state law claims remain, as this Court has stricken Plaintiffs' federal claim for
11 injunctive and declaratory relief under the FHA. Pursuant to Section 1367(c), this Court declines
12 to exercise supplemental jurisdiction as to all remaining state law claims. These state law claims
13 are DISMISSED without prejudice.
14      **IT IS HEREBY ORDERED** that Defendants' motion to strike is GRANTED, and
15 Plaintiffs' state-law claims are DISMISSED without prejudice. (Dkt. No. 11)
16 Dated: July 7, 2015.

                                            _____

                                            MANUEL L. REAL
                                     UNITED STATES DISTRICT JUDGE